UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x Index No.:

JONATHAN KUDMAN

Plaintiff,

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

-against-

THE CITY OF NEW YORK, SGT. M HEALY, DET. DANIEL TICALI, DET. LANE R. YAN, And P.O. "JOHN DOES" 1 thru 4, of the 63rd Precinct

Defendants.

CHEN, J.

-------------------------------------------------------------x

GOLD, M.J.

Jonathan Kudman, by his attorney, Chidi Eze, Esq., complaining of The City of New York, New York Police Department, and Sgt. M Healy, Det. Daniel Ticali, Det. Lane R. Yan, and Police Officers John Doe 1 thru 4, upon information and belief, alleges as follows:

**JURISDICTION**

1. This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3. Venue is proper because the acts complained of herein occurred in Brooklyn Kings County, City and State of New York, which is in the Eastern District of New York.

**PARTIES**

4. During all times relevant and material to this Complaint, Plaintiff was, and still is, a citizen of the United State, residing in Brooklyn, City and State of New York.

5. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6. During all times relevant and material to this case, Defendant Police Officers were employees of Defendant City of New York through its Police Department.

7. During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York and NYPD are as such responsible for the individual Defendants' actions. Defendant City of New York and NYPD are further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

**FULFILMENT OF ADMINISTRATIVE PREREQUISITES**

8. All conditions precedent for the filing of this action has been complied with:

written Notice of Claim, sworn to by Plaintiff, was served upon Defendant City of New York to the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the District Court.

9. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. The incidents that gave rise to this Complaint transpired on October 14, 2011, at approximately 4.00 p.m., at East 51st Street, Brooklyn, County of Kings, City and State of New York.

11. On October 14, 2011, at approximately 4:00 p.m., Plaintiff was walking with a friend, Shelly Revivo, near his home, on East 51st Street, between Avenues N and O, when a group of NYPD officers, riding in an unmarked police van, stopped him and his friend on the Street. The officers stepped out of the van, approached Plaintiff and his friend, and told them that they were in possession of controlled substance. Plaintiff protested that he had no such controlled substance on his person. Despite his protests, the officers proceeded to handcuff plaintiff and his friend on the Street and in the plain view of onlookers and neighbors.

12. Plaintiff and his friend were subsequently thrown into the unmarked van and taken to NYPD's 63rd Precinct located at 1844 Brooklyn Avenue, in Brooklyn. The officers numbered approximately five (5), including the named officers.

13. At the Precinct, plaintiff was finger-printed, searched again and processed. Plaintiff was interrogated by the officers about some unknown individuals who resided in his neighborhood, and wanted certain information about these

individuals to which plaintiff lacked knowledge. Plaintiff was held at the Precinct for approximately Three (3) hours before being transported to Kings County Central Bookings located at 120 Schermerhorn Street in Brooklyn.

14. The following day, on October 15, 2011, at approximately 9:00 PM., plaintiff was told by a court officer that he did not possess any illegal substance at the time of the arrest and therefore was free to leave. Plaintiff was released without a charge after approximately 29 hours of intimidation, harassment and detention. Upon information and belief, the District Attorney declined to charge plaintiff with any offense, since the substance he possessed at the time of arrest was not illegal.

15. Plaintiff has been damaged by the actions of the City of New York and its agents, was falsely arrested, falsely imprisoned for over 29 hours, was intimidated and harassed, had his privacy and constitutional rights violated, and his person damaged for no just cause, lost respect and dignity before family and friends.

16. In light of the above, Plaintiff has been damaged by the actions of the City of New York and its agents, was arrested and imprisoned for 29 hours without probable cause, and without reason to believe that he committed an offense. Plaintiff suffered and continues to suffer mental anguish, reputation injuries, psychological and emotional distress as a result of the actions that gave rise to this lawsuit.

**AND AS FOR A FIRST CAUSE OF ACTION**

17. Plaintiff repeats and re-alleges paragraphs 1 through 16 as if each paragraph is repeated verbatim herein.

18. The defendant police officers arrested and imprisoned Plaintiff without probable

cause, without a warrant and with malice and intentional disregard for his constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizures, secured to him under the Fourth and Fourteenth Amendments to the Constitution, and his right not to be deprived of liberty without due process of law, secured to him under the Fifth and Fourteenth Amendments. By denying Plaintiff's Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983.

19. As a result of this action plaintiff was denied his freedom and liberty and suffered emotional and mental distress thereof. Plaintiff claims compensatory damages in the amount of $1,000,000. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they subjected him to unreasonable search and seizure, Plaintiff seeks $400,000 in punitive damages.

**AND AS FOR A SECOND CAUSE OF ACTION**

20. Plaintiff repeats and re-alleges paragraphs 1 through 19 as if each paragraph is repeated verbatim herein.

21. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for approximately 29 hours without probable cause, deprived him of his rights, remedies, privileges, and immunities guaranteed to him by said law.

22. Plaintiff was denied his freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff claims compensatory damages in the amount of $1,000,000 for the violation of his rights under Common Law and for his emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $400,000 in punitive damages.

**AND AS FOR A THIRD CAUSE OF ACTION**

23. Plaintiff repeats and re-alleges paragraphs 1 through 22 as if each paragraph is repeated verbatim herein.

24. The defendant police officers were acting as agents of the City of New York when they committed the acts complained of herein, therefore, under the principal agent/*respondeat superior* rule, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained in the First and Second Causes of Action

25. Plaintiff claims compensatory damages in the amount of $1,000,000 for the violation of these rights, which resulted in mental and emotional injuries. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $400,000 in punitive damages.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i. $1,000,000 in compensatory damages against all the defendants, jointly and severally;

ii. $400,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii. attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

iv. such other and further reliefs as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
July 29, 2013

By: ____________________

CHIDI EZE (CE-4333)
Attorney for Plaintiff
255 Livingston Street, 3rd Floor
Brooklyn, NY 11217
(718) 643-8800